**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MEMORY TECHNOLOGIES LLC, a Nevada company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| PNY TECHNOLOGIES, INC., a Delaware corporation, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Memory Technologies LLC ("MTL" of "Plaintiff") brings this action for patent infringement against Defendant PNY Technologies, Inc. ("PNY" or "Defendant") on personal knowledge as to its own actions and on information and belief as to the actions of others alleges as follows:

## JURISDICTION AND VENUE

1. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* including under 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendant. On information and belief, Defendant has systematic and continuous contacts with this forum at least because it is incorporated in the State of Delaware.

3. Venue is proper in the District of Delaware under 28 U.S.C. §§ 1391 and 1400(b) because the Defendant is incorporated in the State of Delaware and therefore resides in this district.

## PARTIES

4.      MTL is organized in Nevada and has its headquarters at 2300 Carillon Point, Kirkland, WA 98033. Pendrell Technologies LLC is the sole member of MTL and Pendrell Corporation ("Pendrell") is the sole member of Pendrell Technologies LLC.

5.      MTL owns a worldwide patent portfolio that covers numerous memory technologies. Over 80 of MTL's patents belong to patent families containing patents essential to various memory and electronic storage standards, including the SD Standard[1]. In the past eight years, MTL has licensed the Asserted Patents (defined below) to nearly every major flash memory manufacturer in the world selling products implementing the SD Standard.

6.      On information and belief, Defendant is organized under the laws of the State of Delaware, with its principal place of business at 100 Jefferson Road, Parsippany, New Jersey 07054-0218.

7.      On information and belief, Defendant is in the business of designing, developing, manufacturing, making, offering for sale, selling, using, selling in the United States after importation, selling for importation, and/or importing into the United States certain High Capacity (HC) SD Cards complaint with SD Specification Version 2.0 or higher and Extended Capacity (XC) SD Cards compliant with SD Specification Version 3.0 or higher (collectively the "Accused Products"). The Accused Products include, but are not limited to: Elite microSD Flash Memory Cards (P-SDU32GU185GW-GE), Elite Class 10 U1 V10 SD Flash Memory Cards (P-SD16GU1100EL-GE, P-SD32GU1100EL-GE, P-SD32GX2U1100EL-GE, P-SD64GU1100EL-GE, P-SD128U1100EL-GE), Elite-X microSD Flash Memory Cards (P-SDU64GU3100EX-GE, P-SDU128U3WX-GE, P-SDU256U3100EX-GE), Elite-X SD Flash Memory Cards (P-

---

[1] The SD Standard refers to the Secure Digital Association Physical Layer Specification ("SD Standard").

SD64GU3100EX-GE, P-SD128U3100EX-GE, P-SD256U3100EX-GE, P-SD512U3100EX-GE), Pro Elite microSD Flash Memory Cards (P-SDU256V32100PRO-GE, P-SDUX512U3100PRO-GE), HP SX330 U3 SD Flash Memory Cards (P-SD64GU395HPSX-GE, P-SD128U395HPSX-GE, P-SD256U395HPSX-GE, P-SD512U395HPSX-GE), HP MX330 U3 microSD Flash Memory Cards (P-SDU64GU3100HPMX-GE, P-SDU128U3100HPMX-GE, P-SDU256U3100HPMX-GE, P-SDU512U3100HPMX-GE), Elite Class 10 u1 microSD flash memory cards (e.g., P-SDU16GU185GW-GE, P-SDU16GX2U185GW-GE, P-SDU32GU185GW-GE, P-SDU32X2U185EL-GE, P-SDUX64U185GW-GE, P-SDUX128U185GW-GE, P-SDUX256U1GW-GE), Elite Performance Class 10 U3 SD flash memory cards (e.g., P-SDX64U395-GE, P-SDX128U395-GE, P-SDX256U395-GE, P-SDX512U3H-GE), High Performance Class 10 U1 SD flash memory cards (e.g., P-SDHC32GU1GW-GE, P-SDXC64GU185-GE, P-SDXC128U185-GE).

8.     This is a patent infringement action by MTL to end Defendant's unauthorized, willful, and infringing manufacture, use, sale, offering to sell, and/or importing into the United States of products and components that incorporate MTL's patented inventions, and to end Defendant's active inducement of infringement by others in the United States of MTL's patented inventions.

9.     MTL is the owner of the patents at issue in this action: U.S. Patent Nos. RE45,486 ("the RE486 Patent"); RE45,542 ("the RE542 Patent"); 7,565,469 ("the '469 Patent"); 8,307,180 ("the '180 Patent"); 9,063,850 ("the '850 Patent"); 9,367,486 ("the '486 Patent"); 10,540,094 ("the '094 Patent"); and 11,182,079 ("the '079 Patent") (collectively, the "Asserted Patents").

10.     MTL holds all substantial rights and interest in the Asserted Patents, as described below, including the exclusive right to sue Defendant for infringement and recover damages.

11.     Defendant makes, uses, sells, offers to sell, and/or imports into the United States systems and components of systems that infringe one or more claims of the Asserted Patents, and actively induce infringement by others of the same. MTL seeks monetary damages and prejudgment interest for Defendant's past and ongoing direct and indirect infringement of the Asserted Patents.

## THE ASSERTED PATENTS

12.     On April 21, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. RE45,486 ("the RE486 Patent"), entitled "Method for Addressing a Memory Card, a System Using a Memory Card, and a Memory Card." A copy of the RE486 Patent is attached hereto as Exhibit 1.

13.     MTL owns all substantial right, title, and interest in the RE486 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

14.     On June 2, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. RE45,542 ("the RE542 Patent"), entitled "Method and a System for Determining the Power Consumption in Connection with an Electronic Device, and an Electronic Device." A copy of the RE542 Patent is attached hereto as Exhibit 2.

15.     MTL owns all substantial right, title, and interest in the RE542 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

16.     On July 21, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,565,469 ("the '469 Patent"), entitled "Multimedia Card Interface Method, Computer Program Product and Apparatus." A copy of the '469 Patent is attached hereto as Exhibit 3.

17.     MTL owns all substantial right, title, and interest in the '469 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18.     On November 6, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,307,180 ("the '180 Patent"), entitled "Extended Utilization Area for a Memory Device." A copy of the '180 Patent is attached hereto as Exhibit 4.

19.     MTL owns all substantial right, title, and interest in the '180 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

20.     On June 23, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,063,850 ("the '850 Patent"), entitled "Extended Utilization Area for a Memory Device." A copy of the '850 Patent is attached hereto as Exhibit 5.

21.      MTL owns all substantial right, title, and interest in the '850 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

22.     On June 14, 2016, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,367,486 ("the '486 Patent"), entitled "Extended Utilization Area for a Memory Device." A copy of the '486 Patent is attached hereto as Exhibit 6.

23.      MTL owns all substantial right, title, and interest in the '486 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

24.     On January 21, 2020 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,540,094 ("the '094 Patent"), entitled "Extended Utilization Area for a Memory Device." A copy of the '094 Patent is attached hereto as Exhibit 7.

25.     MTL owns all substantial right, title, and interest in the '094 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

26.     On November 23, 2021 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,182,079 ("the '079 Patent"), entitled "Extended Utilization Area for a Memory Device." A copy of the '079 Patent is attached hereto as Exhibit 8.

27.     MTL owns all substantial right, title, and interest in the '079 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

## DEFENDANT'S KNOWLEDGE OF ITS INFRINGEMENT OF THE ASSERTED PATENTS

28.     Defendant has been on notice of the Asserted Patents and its infringement of the Asserted Patents for several years before MTL filed this complaint. Over the past seven years, MTL sent written communications, met, or spoke with Defendant's representatives on multiple occasions to offer Defendant a license to the Asserted Patents—and other MTL patents—under reasonable and non-discriminatory (RAND) license terms. Through these communications, MTL informed Defendant that MTL is the owner of a patent portfolio relating to flash memory technologies, that MTL's patent portfolio covers technology widely implemented under the SD Standards, and that in many instances MTL's patents are essential to the SD Standards.

29.     Defendant has been on notice of its infringement of the RE486, RE542, '469, '180 and '850 Patents since at least 2015 when Pendrell Vice President of Licensing James Baker sent multiple letters to Mr. Gadi Cohen, Chief Executive Officer of Defendant, providing notice that PNY products implementing the SD Standard infringed claims of the RE486, RE542, '469, '180 and '850 Patents and requesting Defendant take a license.

30.     Between May 2015 and March 2018, MTL and Defendant exchanged communications related to a potential license for MTL's patents, including the RE486, RE542, '469, '180 and '850 Patents. Those communications included execution of a non-disclosure agreement, MTL providing detailed exemplar claim charts demonstrating how Defendant's products implementing the SD Standard infringe the RE486, RE542, '469, '180 and '850 Patents, MTL proposing settlement terms consistent with its RAND obligations, MTL providing a draft

license agreement, and MTL providing details regarding terms accepted by other licensees to MTL's patents. These communications, however, did not result in a license.

31.     On March 8, 2018, Pendrell Corporate Counsel Tim Dozois sent a follow-up letter to Mr. Cohen providing further notice of Defendant's infringement of the RE486, RE542, '469, '180 and '850 Patents, among other patents. Mr. Dozois's letter stated that MTL was prepared to grant a RAND license to Defendant, as it has already done for several of Defendant's competitors.

32.     On April 16, 2020, Mr. Baker sent an email to Defendant providing notice that MTL had licensed its patents to more of Defendant's competitors and again requesting that Defendant engage in licensing discussions.

33.     On June 12, 2020, Mr. Baker sent a letter to Mr. Cohen and Mr. Devine providing additional notice of Defendant's infringement of the RE486, RE542, '469, '180 and '850 Patents, and also providing notice that PNY products also infringed the '486 and '094 Patents. Mr. Baker again offered Defendant a RAND license and stated that "MTL has signed 17 licenses with leading memory companies . . . MTL does not embrace litigation to secure its licenses, nor does it reject it when all amicable attempts have failed. In two instances . . . MTL had to resort to litigation. In both instances . . . we were able to secure licenses."

34.     On June 20, 2020, MTL received an email from Defendant confirming receipt of Mr. Baker's June 12 letter and stating that Defendant would "dig in" and review the materials provided by MTL.

35.     On June 26, 2020, MTL confirmed receipt of Defendant's June 20, 2020 email and requested that Defendant sign an additional NDA. On that same day, Defendant confirmed via email that it would proceed with an NDA. The parties executed the NDA on June 30, 2020.

36.     Between July 31, 2020 and August 3, 2020, MTL sent Defendant several claim charts outlining how Defendant's products infringe MTL's patents, including claim charts related to the Asserted Patents. Many of these claim charts had been provided to Defendant previously.

37.     On September 16, 2020, MTL sent yet another letter to Defendant asking for follow-up with a warning that MTL was considering litigation.

38.     MTL followed-up yet again on March 10, 2022 resending all previously sent claim charts (23 in total) showing how Defendant's products infringe MTL's patents, including claim charts related to the Asserted Patents. MTL included claim charts for the '094 and '079 Patents in these emails related to the SD Standard.

39.     Given the above, Defendant has been on notice that its actions constituted and continue to constitute infringement of one or more claims of the Asserted Patents. Despite MTL giving Defendant numerous opportunities to avoid litigation and to meaningfully engage in discussions on a patent license to which nearly all of its competitors have agreed, Defendant has essentially ignored MTL by abruptly ceasing communications and failing to maintain constructive dialog to resolve a potential dispute. MTL has been left with no choice but to seek judicial intervention to protect its rights.

**FIRST CLAIM FOR RELIEF**

**DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. RE45,486**

40.     MTL incorporates and realleges paragraphs 1 - 39 above as if fully set forth herein.

41.     On information and belief, Defendant has infringed and continues to infringe one or more claims of the RE486 Patent, including but not limited to claims 6, 9-10, 23, 26, 27, 30, and 31 pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the

Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 9.

42.    On information and belief, Defendant has induced and continues to induce infringement of one more claims of the RE486 Patent, including but not limited to claims 6, 9-10, 23, 26, 27, 30, and 31, pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the RE486 Patent by such third parties. Defendant's inducement includes: providing the Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant's products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy) and encouraging third parties to communicate directly with Defendant's representatives and providing information about the Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

43.    Defendant proceeded in this manner despite knowledge of the RE486 Patent and its knowledge that specific actions they actively induced and continue to actively induce on the part of third parties constitute infringement of the RE486 Patent. The Defendant had knowledge of the RE486 Patent and the infringement of the RE486 Patent no later than as described in paragraphs 28-33. At the very least, because Defendant has been and remains on notice of the

RE486 Patent and the accused infringement, it has been and remain willfully blind regarding the infringement it has induced and continue to induce.

44.     MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the RE486 Patent.

45.     Defendant's infringement of the RE486 Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the RE486 Patent and the infringement of the RE486 Patent no later than as described in paragraphs 28-33 and has proceeded to infringe the RE486 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF**

**DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. RE45,542**

46.     MTL incorporates and realleges paragraphs 1 - 45 above as if fully set forth herein.

47.     On information and belief, Defendant has infringed and continues to infringe one or more claims of the RE542 Patent, including but not limited to claims 18, 23, 28, 29, 33, 37, 38, and 40, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 10.

48.     On information and belief, Defendant has induced and continues to induce infringement of one more claims of the RE542 Patent, including but not limited to claims 18, 23, 28, 29, 33, 37, 38, and 40, pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as

users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the RE542 Patent by such third parties. Defendant's acts of inducement include: providing the Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant's products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy); and encouraging third parties to communicate directly with Defendant's representatives and providing information about the Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

49.     Defendant proceeded in this manner despite knowledge of the RE542 Patent and its knowledge that specific actions it actively induced and continues to actively induce on the part of third parties constitute infringement of the RE542 Patent. The Defendant had knowledge of the RE542 Patent and the infringement of the RE542 Patent no later than as described in paragraphs 28-33. At the very least, because Defendant has been and remains on notice of the RE542 Patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

50.     MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the RE542 Patent.

51.     Defendant's infringement of the RE542 Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the RE542 Patent and the infringement of the RE542 Patent no later than as described in paragraphs 28-33, and has proceeded to infringe the RE542 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 7,565,469

52.     MTL incorporates and realleges paragraphs 1 - 51 above as if fully set forth herein.

53.     On information and belief, Defendant has infringed and continue to infringe one or more claims of the '469 Patent, including but not limited to claim 19 and 20, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 11.

54.     On information and belief, Defendant has induced and continues to induce infringement of one more claims of the '469 Patent, including but not limited to claims 19 and 20, pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '469 Patent by such third parties. Defendant's acts of inducement include: providing the Accused Products or

components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant's products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy); and encouraging third parties to communicate directly with Defendant's representatives and providing information about the Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

55.     Defendant has proceeded in this manner despite knowledge of the '469 Patent and its knowledge that specific actions it actively induced and continues to actively induce on the part of third parties constitute infringement of the '469 Patent. The Defendant had knowledge of the '469 Patent and the infringement of the '469 Patent no later than as described in paragraphs 28-33. At the very least, because Defendant has been and remains on notice of the '469 Patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continue to induce.

56.     MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the '469 Patent.

57.     Defendant's infringement of the '469 Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the '469 Patent and the infringement of the '469 Patent no later than as described in paragraphs 28-33, and has proceeded to infringe the '469 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL

to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

<b>FOURTH CLAIM FOR RELIEF</b>

<b>DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 8,307,180</b>

58.     MTL incorporates and realleges paragraphs 1 - 57 above as if fully set forth herein.

59.     On information and belief, Defendant has infringed and continues to infringe one or more claims of the '180 Patent, including but not limited to claims 1-3, 5, 16-19, 21, 32 and 35 pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 12.

60.     On information and belief, Defendant has induced and continues to induce infringement of one more claims of the '180 Patent, including but not limited to claims 1-3, 5, 16-19, 21, 32 and 35, pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '180 Patent by such third parties. Defendant's acts of inducement include: providing the Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy); and encouraging third parties to communicate directly with Defendant's representatives and providing information about

the Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

61.     Defendant proceeded in this manner despite knowledge of the '180 Patent and its knowledge that specific actions they actively induced and continue to actively induce on the part of third parties constitute infringement of the '180 Patent. The Defendant had knowledge of the '180 Patent and the infringement of the '180 Patent no later than as described in paragraphs 28-33. At the very least, because Defendant has been and remain on notice of the '180 Patent and the accused infringement, it has been and remain willfully blind regarding the infringement it has induced and continue to induce.

62.     MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the '180 Patent.

63.     Defendant's infringement of the '180 Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the '180 Patent and the infringement of the '180 Patent no later than as described in paragraphs 28-33, and has proceeded to infringe the '180 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## FIFTH CLAIM FOR RELIEF

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 9,063,850

64.     MTL incorporates and realleges paragraphs 1 - 63 above as if fully set forth herein.

65.     On information and belief, Defendant has infringed and continues to infringe one or more claims of the '850 Patent, including but not limited to claims 1, 3, 10, 12, 19, 21, 28, and

30, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority the Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 13.

66.     On information and belief, Defendant has induced and continues to induce infringement of one more claims of the '850 Patent, including but not limited to claims 1, 3, 10, 12, 19, 21, 28, and 30, pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '850 Patent by such third parties. Defendant's acts of inducement include: providing the Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy); and encouraging third parties to communicate directly with Defendant's representatives and providing information about the Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

67.     Defendant proceeded in this manner despite knowledge of the '850 Patent and its knowledge that specific actions they actively induced and continue to actively induce on the part of third parties constitute infringement of the '850 Patent. The Defendant had knowledge of the '850 Patent and infringement of the '850 Patent no later than as described in paragraphs 28-33. At

the very least, because Defendant has been and remains on notice of the '850 Patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continues to induce.

68.     MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the '850 Patent.

69.     Defendant's infringement of the '850 Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the '850 Patent and the infringement of the 850 Patent no later than as described in paragraphs 28-33 and has proceeded to infringe the '850 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**SIXTH CLAIM FOR RELIEF**

**DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 9,367,486**

70.     MTL incorporates and realleges paragraphs 1 - 69 above as if fully set forth herein.

71.     On information and belief, Defendant has infringed and continues to infringe one or more claims of the '486 Patent, including but not limited to claims 8, 10, 14, 15, 17, and 21 pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 14.

72.     On information and belief, Defendant has induced and continues to induce infringement of one more claims of the '486 Patent, including but not limited to claims 8, 10, 14, 15, 17, and 21, pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as users,

customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '486 Patent by such third parties. Defendant's acts of inducement include: providing the Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant's products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy); and encouraging third parties to communicate directly with Defendant's representatives and providing information about the Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

73.    Defendant proceeded in this manner despite knowledge of the '486 Patent and its knowledge that the specific actions it actively induced and continues to actively induce on the part of third parties constitute infringement of the '486 Patent. The Defendant had knowledge of the '486 Patent and its infringement of the '486 Patent no later than as described in paragraphs 28-33. At the very least, because Defendant has been and remains on notice of the '486 Patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continue to induce.

74.    MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the '486 Patent.

75.     Defendant's infringement of the '486 Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the '486 Patent and its infringement of the '486 Patent no later than as described in paragraphs 28-33 and has proceeded to infringe the '486 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SEVENTH CLAIM FOR RELIEF

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 10,540,094

76.     MTL incorporates and realleges paragraphs 1 - 75 above as if fully set forth herein.

77.     On information and belief, Defendant has infringed and continues to infringe one or more claims of the '094 Patent, including but not limited to claim 1 pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 15.

78.     On information and belief, Defendant has induced and continues to induce infringement of one more claims of the '094 Patent, including but not limited to claim 1 pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '094 Patent by such third parties. Defendant's acts of inducement include: providing the Accused Products or

components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant's products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy); and encouraging third parties to communicate directly with Defendant's representatives and providing information about the Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

79. Defendant proceeded in this manner despite knowledge of the '094 Patent and its knowledge that the specific actions it actively induced and continues to actively induce on the part of third parties constitute infringement of the '094 Patent. The Defendant had knowledge of the '094 Patent and its infringement of the '094 Patent no later than as described in paragraph 38. At the very least, because Defendant has been and remains on notice of the '094 Patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continue to induce.

80. MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the '094 Patent.

81. Defendant's infringement of the '094 Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the '094 Patent and its infringement of the '094 Patent no later than as described in paragraph 38 and has proceeded to infringe the '094 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL

to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## EIGHTH CLAIM FOR RELIEF

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 11,182,079

82.    MTL incorporates and realleges paragraphs 1 - 81 above as if fully set forth herein.

83.    On information and belief, Defendant has infringed and continues to infringe one or more claims of the '079 Patent, including but not limited to claim 1 pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States without authority Accused Products. A claim chart detailing examples of Defendant's infringement is attached as Exhibit 16.

84.    On information and belief, Defendant has induced and continues to induce infringement of one more claims of the '079 Patent, including but not limited to claim 1 pursuant to 35 U.S.C. § 271(b) by encouraging third parties such as users, customers, distributors, wholesalers, retailers, affiliates, parents, subsidiaries, importers, or sellers to make, use, offer to sell, sell, and/or import into the United States without authorization the Accused Products. The making, using, offering to sell, selling, and/or importing into the United States constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the '079 Patent by such third parties. Defendant's acts of inducement include: providing the Accused Products or components thereof to third parties and intending them to make, use, offer to sell, sell, and/or import the Accused Products; advertising the Accused Products in the United States and encouraging the sale and offer for sale of the Accused Products by other entities by listing stores where Defendant's products, including specifically the Accused Products, can be purchased (for example, https://www.pny.com/company/where-to-buy); and encouraging third parties to communicate directly with Defendant's representatives and providing information about the

Accused Products for purposes of technical assistance, design, replacement, sales, and marketing of the Accused Products (for example, https://www.pny.com/support).

85.     Defendant proceeded in this manner despite knowledge of the '079 Patent and its knowledge that the specific actions it actively induced and continues to actively induce on the part of third parties constitute infringement of the '079 Patent. The Defendant had knowledge of the '079 Patent and its infringement of the '079 Patent no later than as described in paragraph 38. At the very least, because Defendant has been and remains on notice of the '079 Patent and the accused infringement, it has been and remains willfully blind regarding the infringement it has induced and continue to induce.

86.     MTL has suffered and continues to suffer damages as a result of Defendant's infringement of the '079 Patent.

87.     Defendant's infringement of the '079Patent has been and continues to be willful, deliberate, and in disregard of MTL's patent rights. The Defendant had knowledge of the '079 Patent and its infringement of the '079 Patent no later than as described in paragraph 38 and has proceeded to infringe the '079 Patent with full knowledge of that patent and its applicability to Defendant's products. Defendant's intentional, knowing, egregious, culpable, willful, wanton, malicious, bad faith, deliberate, consciously wrongful, and/or flagrant infringement entitles MTL to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

MTL respectfully prays for relief as follows:

A.     a judgment that Defendant has infringed and continue to infringe one or more claims of the Asserted Patents;

B.     a judgment that Defendant has induced infringement and continues to induce

infringement of one or more claims of the Asserted Patents;

C.      a judgment that Defendant has willfully infringed one or more claims of the Asserted Patents;

D.      a judgment awarding MTL all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

E.      a judgment awarding MTL treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's willful conduct;

F.      a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding MTL its reasonable Attorneys' Fees and Taxable Costs incurred in connection with this action, pursuant to 35 U.S.C. §285; and

G.      for such additional and further relief in law and equity, as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff MTL demands a trial by jury on all issues presented in the Complaint that are so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William B. Dyer III                      By:   */s/ Jonathan A. Choa*
Andrew G. Strickland                         Jonathan A. Choa (#5319)
James Stein                                           Hercules Plaza
Hala Mourad                                     P.O. Box 951
LEE & HAYES, P.C.                     Wilmington, DE 19899
75 14th Street, Suite 2500            (302) 984-6000
Atlanta, GA 30309                    jchoa@potteranderson.com
(404) 815-1900

                                               *Attorneys for Plaintiff*
Dated:  March 28, 2023               *Memory Technologies, LLC*